## BAKER, HAMILTON & PACIFIC CO. v. McLAUGHLIN.[*]

District Court, S. D. California, N. D. April 24, 1928.

No. 17684.

McCutchen, Olney, Mannon & Greene and J. M. Mannon, Jr., all of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and C. M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

BOURQUIN, District Judge. Alleging that defendant exacted excessive taxes for 1919, plaintiff seeks to recover them. The issues are few and simple, though is involved that more or less nightmare, the Revenue Act of 1918 (40 Stat. 1057). There is no conflict in the evidence; defendant presenting none, and merely submitting whether plaintiff's suffices to prove the essential facts. As the latter are fully established by credible witnesses, plaintiff's books, and defendant's records, the court finds accordingly.

It appears that in January, 1918, plaintiff purchased all the assets of two other corporations, going concerns in the wholesale hardware trade, therefor paying its own capital stock and other consideration, in amount some $998,555.02, more than the assets had cost the vendors. At all material times the latter retained said capital stock and in equal shares. During 1918 and in due course of business, plaintiff "turned over" the stock in trade nearly twice, therein selling all but about 5 per cent. of that received from the said vendors. In consequence, and January 1, 1919, the stock in trade, main-

*Judgment affirmed 31 F.(2d) 545.

tained by new and replacement items, had increased in cost to plaintiff some $739,942.31. This increase, likewise maintained throughout 1919, plaintiff returned as increased and part of invested capital for 1919, which defendant rejected on the theory that it was inadmissible by reason of section 331· of said act (40 Stat. 1095) and taxes levied and paid accordingly are of those for which plaintiff sues. Defendant erred.

Section 331 provides that, in circumstances of original purchase and vendor's continued interest or control, as at bar, "no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed" said owner; that is, cost to the latter. That the section is inapplicable to the instant case is clear, when is noted that the assets upon which plaintiff claims cost value in determining invested capital were not transferred or received from the two corporations aforesaid, but were purchases from other vendors. True, they were paid for with proceeds of assets received from the two corporations, but that circumstance does not serve to bring them within either the letter or the spirit of this tax statute, section 331.

The object of the act is revenue, and to that end said section eliminates inflation and unearned increment, due to war conditions. None of the latter is present in the new or replacement items, and their actual cost and value by plaintiff bona fide bought and paid in due course of business. Moreover, all else being equal, increased invested capital means increased revenue, and promotes the object of the act, which defendant's construction would impede. Certainly it was not the legislative intent to defeat its object to decrease revenue by discouraging that expansion of invested capital which is due to reinvested profits; was not the legislative·intent to discourage. enterprise and extension of trade and commerce. No principle of taxation is known which traces, as defendant assumed to do, the proceeds of a taxable article, and for that reason alone taxes the former as of the same class or subject-matter as the latter.

The new or replacement items aforesaid were no more received from the two corporations than is B's herd of horses received from A, merely because bought with the proceeds of a herd of cows received from A. In principle, that is this case. The La Belle Iron Works Case, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, in so far as relevant, deals with the original asset, and not with assets procured with the former's proceeds.

It will not do to contend that in the case at bar the original assets and the new or replacement assets are equally the "stock in trade" received from the two corporations, for that would subordinate realities to mere labels, facts to fiction. Although characterized as "stock in trade," the things valued for taxation are the items thereof, and to the extent here involved were not received from the two corporations.

Other of plaintiff's claims are based upon defendant's mistakes in computation. The proof of them is clear, is not questioned, and the court so finds. Plaintiff will present brief findings of ultimate facts.

Judgment accordingly.